FISH'S EDDY CHEMICAL COMPANY, Respondent, *v.* JULIA STEVENS, Appellant.

*Justice's Court — adjournment — verbal sale of goods — partial delivery and payment, by crediting the vendor with the purchase price in reduction of a debt due the vendee, good within the Statute of Frauds.*

A justice of the peace has authority to adjourn the trial of an action until the next day, to give time to secure the attendance of a witness against whom an attachment has been applied for; the fact that the justice did not issue the warrant of attachment until he had decided to adjourn the trial until the next day is not material and does not render the adjournment irregular.

Where a verbal contract is made for the sale of wood, which, when it is ready for delivery, is measured by the parties; is delivered so far, as possible at that

time, and is paid for by crediting the purchase price upon the books of the vendee in reduction of a debt then owing by the vendor to the vendee, the sale is valid within the Statute of Frauds.

APPEAL by the defendant, Julia Stevens, from a judgment of the County Court of the county of Delaware, entered in the office of the clerk of the county of Delaware on the 4th day of April, 1895, affirming the judgment of a justice of the peace.

This action was commenced in a Justice's Court to recover the value of 100 cords of wood claimed to have been converted by the defendant. Issue was joined August 20, 1894. The defendant's answer was oral, and contained only a general denial and a demand for a dismissal of the complaint, with costs.

A jury trial was demanded by the defendant, and a jury was drawn and a venire issued on the day issue was joined, and the action was adjourned to August thirtieth. On the adjourned day the parties appeared by their attorneys, and a jury was drawn and sworn in. The plaintiff then applied for warrants of attachment for the defendant Julia Stevens, and for Chauncey Darling, two of its witnesses, who had failed to appear in obedience to subpœnas served upon them. The court ordered that the action be held open until August thirty-first, at one o'clock, to give time for the return of the warrants of attachment applied for, and excused the witnesses and jury in attendance until that time. Thereafter and on the same day a warrant of attachment was issued for Julia Stevens and delivered to the constable. No warrant of attachment was issued for Chauncey Darling.

On August thirty-first, at one o'clock, the action was called, and the plaintiff and jury appeared; the defendant did not appear, and she took no further part in the action.

The constable's return to the warrant shows that upon the witness protesting that she was unable to go to court and testify he left her at her home.

After the plaintiff's evidence was received the jury retired, and afterwards declared their verdict in open court, by which they found in favor of the plaintiff for $112.60 damages, and judgment was rendered in favor of the plaintiff for $122.80, damages and costs.

The defendant appealed from said judgment to the County Court, where the judgment of the justice was affirmed, and from the judg-

ment of the County Court the defendant appealed to the General Term.

It appeared from the evidence that in February, 1892, Keery Brothers, to whose rights the plaintiff succeeded, bought from the defendant a lot of wood on her lot owned by her, and that in January 1893, the plaintiff's clerk and defendant's husband went upon the lot to measure the wood, which consisted of eighty-six and five-eighths cords of the value of $1.30 per cord, amounting to $112.60. This amount was then by agreement credited to the defendant upon the books of the plaintiff, she at that time owing the plaintiff more than that. In June, 1893, the foreman of the plaintiff with some men, went upon the lot to get the wood, when they were assaulted by the husband of the defendant, driven off the lot, and prevented from getting the wood.

*Henry J. Williams,* for the appellant.

*I. L. Brayman,* for the respondent.

PER CURIAM:

The first question presented on this appeal is whether the justice before whom the action was tried had authority to adjourn the trial until the return of the warrants of attachment that were issued to secure the attendance of the plaintiff's witnesses whom it had subpœnaed, but who did not appear.

The contention of the appellant is that, because such warrants were not actually issued until the court had decided to adjourn the trial until the next day, it had no authority to grant such adjournment. We think this contention is too narrow and technical to be upheld. The appeal book shows that upon proper proof an application was made for attachments for two witnesses; that it was granted, and the trial adjourned until the next day to enable the plaintiff to secure the attendance of its witnesses. We think this was authorized by section 2967 of the Code of Civil Procedure. The fact that the defendant was physically unable to attend, or if not unable, that she convinced the officer that she was, does not render the adjournment irregular.

After a careful examination of the evidence contained in the appeal book, without referring to it in detail, we are of the opinion

that it was sufficient to justify the jury in finding that the defendant's husband was her agent, acting for her and with her consent in making and carrying into effect the contract for the sale of the wood in question, and in preventing the plaintiff from removing it.

The appellant's contention that the contract was void under the Statute of Frauds is not, we think, well taken. The evidence discloses that a contract between the parties was made for the wood in question. After it was ready for delivery it was measured by the parties, and, as far as possible, was delivered to the plaintiff at that time. The portion thus delivered was paid for by giving the defendant actual credit for the amount upon a debt then owing by the defendant to the plaintiff, and by entering such credit upon its books. Under these circumstances we think the contract as to the wood thus delivered and paid for was valid.

We have examined all the other questions to which our attention has been called by the defendant's brief, but find no error that would justify a reversal of the judgment.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment affirmed, with costs.